UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRANCE DAVIS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PICKENS,<br><br>　　　　　　　Defendant. | Case No. 3:24-CV-00119-ART-CLB<br><br>**ORDER**<br><br>[ECF Nos. 25, 26, 27, 28, 29] |

On September 17, 2024, Plaintiff Terrance Davis ("Davis") filed several documents and motions with the Court. (ECF Nos. 25, 26, 27, 28, 29.) The Court will address each of these filings in turn.

I.  **MOTIONS FOR APPOINTMENT OF COUNSEL (ECF NOS. 27, 29)**

First, Davis moves the court for appointment of counsel. (ECF Nos. 27, 29.) There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional

circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

First, in his motions, Davis does not address whether he is likely to succeed on the merits of his claim. Pursuant to the screening order, this case is proceeding on one claim of First Amendment retaliation against one defendant, Pickens. (ECF No. 13.) On this basis alone, the motions should be denied.

However, even if the Court presumed Davis has established that he is likely to succeed on the merits of his claim, exceptional circumstances do not exist in this instance. In the motion, Davis simply states that he should appointed counsel because "his imprisonment will greatly limit his ability to litigate" this case, which he claims is "complex." (ECF No. 27 at 2.) In addition, he claims that he has limited knowledge of the law, which will hinder his ability to address the issues in this case, and he will be required to conduct discovery and file dispositive motions. (*Id.*) However, these conclusory allegations do not address the complexity of the issues in this case or otherwise establish that exceptional circumstances exist. To the contrary, Davis's circumstances appear to be virtually identical and unexceptional as compared to the majority of prisoner civil rights cases.

As such, Davis has failed to establish he is likely to succeed on the merits of his claim or that he is unable to articulate his claims due to their complexity. To the contrary, to date, Davis has been able to articulate his claims in this case and he does not appear to have difficulties in litigating this case that are any more significant than other incarcerated person proceeding *pro se*. Moreover, this case is limited to a single claim against one defendant that does not appear to be complex. (*See* ECF No. 13.) Therefore, the Court finds that Davis has not demonstrated exceptional circumstances exist in this case and the Court **DENIES** the motions for appointment of counsel. (ECF No. 27, 29.)

## II. MOTION TO SHOW CAUSE PRELIMINARY INJUNCTION PROTECTION ORDER (ECF NO. 28)

Next, Davis filed a document that is entitled "motion to show cause preliminary injunction protection order." (ECF No. 28.) However, this document is not a motion. Rather, this document appears to be some sort of proposed order to summon defendant Pickens to appear for a "show cause" hearing. (*Id*.) Davis did not file any points and authorities in support of this "motion," nor does he explain the relief he seeks or any basis for the Court to order to hold a "show cause" hearing. Pursuant to Local Rule 7-2(d), "the failure of a moving party to file points and authorities in support of the motion constitutes a consent to denial of the motion." Therefore, the Court **DENIES** Davis's "motion to show cause preliminary injunction protection order." (ECF No. 28.)

## III. WITNESS AFFIDAVITS (ECF NOS. 25, 26)

Finally, Davis filed two affidavits, (ECF Nos. 25, 26), that are not attached to or in reference to any motion. Pursuant to the Court's General Order GO 2021-05, § 3(e), a declaration, affidavit, or exhibit that is not filed in support of a motion, opposition, or reply may not be filed. Accordingly, the Court finds that Davis improperly filed these affidavits in violation of GO 2021-05, § 3(e) and the affidavits, (ECF Nos. 25, 26) are **STRICKEN** from the record.

At this early juncture, the Court has been lenient because Davis is a *pro se* party. However, Davis is advised that his status as an inmate does not give him a blank check to clutter the docket. *See Schenker v. Rowley*, No. 3:12-cv-00174-LRH-VPC, 2013 WL 321688, at *3-4, 5-6 (D. Nev. Jan. 28, 2013). Davis is further reminded that he is obligated to follow the Rules of Civil Procedure, the Court's Local Rules, and General Order No. 2021-05, which sets forth certain requirements and limitations for filings in Pro Se Inmate Non-Habeas Civil Rights cases, including motions and other acceptable filings. Failure to follow the rules of the Court and its general orders in the future may subject Davis to sanctions.

///

### IV. CONCLUSION

**IT IS SO ORDERED** that Davis's motions for appointment of counsel, (ECF Nos. 27, 29), are **DENIED**;

**IT IS FURTHER ORDERED** that the Davis's motion to show cause for preliminary injunction, (ECF No. 28), is **DENIED**; and

**IT IS FURTHER ORDERED** that Davis's witness affidavits, (ECF Nos. 25, 26), are hereby **STRICKEN**.

**DATED**: September 18, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**