UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRANCE DAVIS,

    Plaintiff,

v.

PICKENS,

    Defendant.

Case No. 3:24-CV-00119-ART-CLB

ORDER

*Pro se* Plaintiff Terrance Davis brings this case against Defendant Madeline Pickens under 42 U.S.C. §1983, alleging retaliation in violation of the First Amendment. Before the Court is Davis's motion to amend his complaint (ECF No. 50) and Magistrate Judge Baldwin's report and recommendation, which recommends denying that motion (ECF No. 52). For the following reasons, the Court rejects the R&R and grants leave to amend.

**I.    BACKGROUND**

Davis filed this lawsuit in March 2024, alleging a claim of First Amendment retaliation against Pickens. (ECF No. 1-1.) After screening the complaint, the Court allowed Davis to proceed on his single claim against Pickens. (ECF No. 13.) Davis claims that after he filed a Prison Rape Elimination Act ("PREA") complaint against Pickens, she restricted him from participating in recreation, phone communication, other correspondence, and other opportunities. (*Id.* at 3.) Pickens told Davis that he would never attend any exercise programs or out-of-cell functions on her shift. (*Id.* at 3–4.) When Davis raised this issue with Pickens's supervisors, nobody intervened. (*Id.* at 4.)

Davis attempted to amend his complaint twice. (ECF Nos. 30, 49.) The Court struck the first proposed amended complaint because Davis failed to file a motion with the pleading, and denied the second motion because it did not include points and authorities. (ECF Nos. 39, 49.) In January 2025, Davis filed

1

this motion to amend along with a proposed amended complaint. (ECF No. 50.) Davis seeks to add two additional defendants, Patricia Hernandez and Tasheena Cooke, to the complaint. (*Id.*)

## II. STANDARD OF REVIEW

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. DISCUSSION

Although Davis failed to object, the Court conducts *de novo* review and finds that amendment should be allowed.

"[A] court should liberally allow a party to amend its pleading. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see also* Fed. R. Civ. P. 15. "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182). The consideration of prejudice to the opposing party carries the greatest weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* An amendment is only futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-*

*Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

The R&R finds that amendment would be futile because Davis's allegations against Cooke and Hernandez fail to state a claim. (ECF No. 52 at 4.) The R&R explains that Davis did not include any allegations against Cooke and that he only alleged that he wrote to Hernandez about Pickens's "intimidation." (*Id.*) The R&R finds these allegations futile because Davis "does not allege that Hernandez or Cooke retaliated against him, knew of Pickens's alleged retaliation and failed to act, or that they personally violated his First Amendment rights." (*Id.* at 5.) However, the proposed amended complaint, read liberally, does allege that Hernandez and Cooke knew of Pickens's alleged retaliation and failed to act.

Davis's amended complaint includes allegations against both proposed defendants. (ECF No. 50 at 10–11.) Davis alleges that he explained the sexual harassment reports and kites to Hernandez and asked for "a safe e[s]cort to court out of concern and more retaliation." (*Id.* at 10.) He alleges that he again wrote to Hernandez about Pickens's "intimidation." (*Id.*) And he alleges that he "filed another grievance on the informal level pleading for warden Tasheena Cooke and Ms. Hernandez to please intervene." (*Id.* at 11.)

There is no respondeat superior liability under section 1983, but a supervisor may be held liable for constitutional violations of their subordinate if the supervisor "knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Davis's amended complaint, read liberally, alleges that Cooke and Hernandez knew about the alleged retaliation and failed to act to prevent it. Amendment would therefore not be futile.

Granting leave to amend will not prejudice Defendant Pickens or cause undue delay. Defendant merely argues that allowing the amendment would result in the filing of a motion to dismiss, which would take time for the Court to rule on and delay litigation. (ECF No. 51 at 5.) A minor delay does not constitute prejudice or undue delay. *See, e.g., Don v. Unum Grp.,* No. CV134502DSFVBKX,

2015 WL 12912322, at *1 (C.D. Cal. Mar. 26, 2015) (a small amount of delay does not warrant denial of leave to amend). Discovery has not yet closed, and the amended complaint does not add additional claims that would complicate discovery. *See Johnson v. Serenity Transportation, Inc.*, No. 15-CV-02004-JSC, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015) (no prejudice where case was still in the pleading stage); *Organic Pastures Dairy Co., LLC v. Sebelius*, No. 1:12-CV-02019-SAB, 2013 WL 1966464, at *3 (E.D. Cal. May 10, 2013) (same). The proposed amendment should not be a surprise where Pickens alleged that (then-unnamed) supervisors failed to act in his original complaint and where Pickens previously attempted to amend the complaint to add Cooke and Hernandez. (*See* ECF No. 48.)

### IV. CONCLUSION

It is therefore ordered that Judge Baldwin's report and recommendation (ECF No. 52) is rejected.

The Court grants Plaintiff's motion for leave to file a first amended complaint (ECF No. 50).

Plaintiff's First Amended Complaint (ECF No. 50) is the operative complaint in this action.

DATED: April 22, 2025

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4